IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELON SCRUGGS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 13-cv-01088- JPG-DGW |
| ) | |
| CITY OF FAIRVIEW HEIGHTS, ILLINOIS, ) | |
| a municipal corporation, OFFICER BELBA, ) | |
| SERGEANT PEEL, and Chief of Police, ) | |
| NICK GAILIUS, all sued in their official ) | |
| capacities as Fairview Heights, Illinois, ) | |
| Police Department Employees and/or ) | |
| Officials, ) | |
| ) | |
|     Defendants. ) | |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

The parties (and their attorneys) to the above-captioned matter, and any persons or entities responding to subpoenas issued in this lawsuit, including, but not limited to, health care providers, are hereby authorized to receive, subpoena, and transmit "Confidential Information" as defined herein in Paragraph 2 to the extent allowed by the Federal Rules of Civil Procedure and subject to the conditions outlined herein.

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, responses to subpoenas, and information derived directly therefrom

(hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    **2. Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party, person, or entity that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case, (h) jail records of a person who is not a party to the case.

    **3. Designation**

    **(a)**  A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or abbreviation "CSTPO" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at

the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** The designation of a document as Confidential information is a certification by an attorney that the document contains Confidential Information as defined in this Order.

**4. Protection of Confidential Material**

**(a) General Protections.** Confidential information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

3

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel:**

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the

transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8) Author or recipient.** The author or recipient of the document (not including person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

**5. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be

found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**6. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information must file a motion to file the document under seal.

**7. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**8. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a)** Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the

basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** Judicial Intervention. A party that elects to challenge a confidentiality designation must seek a telephonic conference with the Court in order to resolve the dispute. The party requesting the conference must be able to affirm that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. Only upon request of the Court shall written motions be filed.

9. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be the procedure outlined in 8(b). Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial

10. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Obligations on Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be destroyed. Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including any documents introduced as evidence during the trial and documents filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**12. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**13. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the

parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this order by its terms, including all such persons' and entities' successors, executors, personal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and entities. All such persons and entities stipulate to the personal jurisdiction of this court for purposes of any proceeding brought by a party to this action to enforce this Protective Order.

**15. Information To Which Confidentiality Does Not Apply.** The restrictions on dissemination of Confidential Information shall not apply to (i) information which prior to disclosure hereunder is either in the possession or knowledge of an receiving party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure becomes public knowledge other than through an act or omission of a party receiving the Confidential Information.

**IT IS SO ORDERED.**

**DATED: April 4, 2014**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order.** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order.** |
| */s/Brian M. Funk* <br> Signature | */s/Eric M. Rhein (with consent)* <br> Signature |
| Counsel for: Defendants | Counsel for: Plaintiff |
| Dated: March 6, 2014 | Dated: March 6, 2014 |

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DELON SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 13-cv-01088-GPM |
| | ) | |
| CITY OF FAIRVIEW HEIGHTS, ILLINOIS, | ) | |
| a municipal corporation, OFFICER BELBA, | ) | |
| SERGEANT PEEL, and Chief of Police, | ) | |
| NICK GAILIUS, all sued in their official | ) | |
| capacities as Fairview Heights, Illinois, | ) | |
| Police Department Employees and/or | ) | |
| Officials, | ) | |
| | ) | |
| Defendants. | ) | |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the confidentiality Order dated March 6, 2014 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____  _____
                            Signature